1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN FRANCISCO DIVISION

7

8

MARQUISE A. WALKER,

Case No.  24-cv-01390-PHK

9

Plaintiff,

10

v.

**ORDER OF TRANSFER**

11

MASTERS, et al.,

12

Defendants.

13

14       On March 7, 2024, Plaintiff, an inmate housed at Salinas Valley State Prison ("SVSP"),

15   filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff

16   alleges that he has not received mail that the United States Postal Service reports was delivered to

17   High Desert State Prison on May 22, 2023.  [Dkt. 2 at 2-3].  The Complaint names as defendants

18   High Desert State Prison correctional officers identified by names as "Masters" and "M. Harrod".

19   *Id.* at 1-2.  For the reasons discussed herein regarding improper venue, the Court **ORDERS** that

20   this action be transferred to the Eastern District of California.

21       Under applicable legal standards, venue generally is proper in a judicial district in which:

22   (1) any defendant resides, if all defendants are residents of the state in which the district is located;

23   (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

24   part of property that is the subject of the action is situated; or (3) any defendant is subject to the

25   court's personal jurisdiction, if there is no district in which the action may otherwise be brought.

26   28 U.S.C. § 1391(b).

27       The events or omissions giving rise to Plaintiff's claims, as alleged in the Complaint, all

28   occurred at High Desert State Prison.  *See generally* Dkt. 1.  The Court therefore finds that (other

United States District Court
Northern District of California

than Plaintiff himself, who is located in Soledad, California) the majority (if not all) of evidence and witnesses are or would be located in or near High Desert State Prison.

Courts have the authority to take Judicial Notice of certain facts under the proper circumstances. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Minor v. FedEx Office & Print Servs.*, 78 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (taking Judicial Notice of record of administrative agencies and publicly accessible websites).

The Court takes judicial notice of the fact that High Desert Prison is located in Susanville, California. *See* https://www.cdcr.ca.gov/facility-locator/hdsp/. The Court takes judicial notice of the fact that Susanville is the county seat of, and thus located in, Lassen County, California. *See* https://www.counties.org/county-profile/lassen-county. Lassen County lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(b). The Complaint does not allege that any Defendants reside in the judicial district of this Court (the Northern District of California). The Court takes judicial notice of the fact that it is over 150 miles from Susanville, California to the border of Humboldt County, California (the closest county which is within the Northern District of California, s*ee* 28 U.S.C. § 84(b)). Accordingly, the Court finds that there is no reasonable basis to believe that any Defendants reside in the Northern District of California and, to the contrary, the Court finds that the named Defendants presumably reside in Lassen County (or at a minimum some location near High Desert State Prison where they work, within the Eastern District of California).

In light of the allegations in the Complaint, the Court concludes that no Defendants reside in the Northern District of California and that none (much less a substantial part) of the events or omissions giving rise to the claims asserted in the Complaint occurred in the Northern District of California. 28 U.S.C. § 1391(b). Rather, the Court concludes that all Defendants reside in the Eastern District of California and that all (or, at least, a substantial part) of the events or omissions giving rise to the claims asserted in the Complaint occurred in the Eastern District of California. Therefore, the Court finds that venue for this action is improper in this judicial district and instead

that venue for this action properly lies in the Eastern District of California.  The Court further finds that this action might have been brought in the Eastern District of California.

Accordingly, pursuant to the analysis herein under 28 U.S.C. § 1391 and pursuant to 28 U.S.C. § 1406(a) and further in the interests of justice (and further pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses (the majority of whom are in the Eastern District of California), and in the interests of justice and because this action might have been brought in the Eastern District of California), the Court **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the Eastern District of California.[1]  Upon transfer, the Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated:  March 22, 2024

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

---

[1] The Court's transfer of this action for lack of venue is non-dispositive and therefore within a Magistrate Judge's authority.  In a different context, the Ninth Circuit has held that a ruling that does "not dispose of any claims or defenses and [does] not effectively deny [the plaintiff] any ultimate relief sought" is non-dispositive and properly within a Magistrate Judge's authority pursuant to 28 U.S.C. § 636(b)(1)(A).  *See S.E.C. v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1260 (9th Cir. 2013) (motion to stay).  A transfer of venue does not address the merits of the parties' claims, dispose of any claims or defenses, or foreclose any relief sought; nor does the transfer terminate the case within the federal court system.  Instead, the transfer order simply results in the action being transferred to another district court.  Accordingly, a Magistrate Judge may transfer a case for improper venue.  *See, e.g., Gomes v. Mathis*, No. CV 17-7022 SVW (SS), 2019 WL 11720210, at *1 n.2 (C.D. Cal. Aug. 5, 2019) (collecting cases); *Gomes v. Silver State Mortg*., No. C 09-2340 RS, 2009 WL 10674100, at *2 (N.D. Cal. July 28, 2009); *Paoa v. Marati*, No. CIV. 07-00370JMSLEK, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007).

3