UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE A. WALKER, | No. 2:24-cv-00949-SCR P |
| Plaintiff, | |
| v. | ORDER |
| MASTERS, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. (ECF No. 10.) Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

Also before the court is plaintiff's complaint for screening. (ECF No. 2.) For the reasons set forth below, plaintiff's complaint fails to state a claim for relief. The court will grant plaintiff thirty (30) days to file an amended complaint consistent with the instructions laid out below.

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

**LEGAL STANDARDS**

**I.   Statutory Screening of Prisoner Complaints**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.   42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

(2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### III. Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

## PLAINTIFF'S COMPLAINT

### I. Factual Allegations

Plaintiff's complaint seeks redress for constitutional violations related to the non-delivery of his mail. The complaint names correctional officers Masters and Harrod as defendants and seeks $70,000 in damages. (ECF No. 2 at 3.)

Plaintiff writes that the complaint is an appeal of an "original grievance" that was granted "but no action has been taken."[2] (ECF No. 2 at 2.) Plaintiff alleges his family mailed senate bills from the post office to him via priority mail. Per the post office tracking information, the senate bills arrived at High Desert State Prison on May 22, 2023, but were not delivered to him. (Id.) He filed a grievance a month later but still had not received his mail. (Id.)

Plaintiff attached the grievance documents to the complaint. In his grievance dated June 28, 2023, plaintiff states that he sent a Form 22 to the mailroom on June 15, 2023, and received a response on June 20, 2023, from defendant Harrod. (Id. 14-15.) Defendant Harrod's response,

---

[2] Plaintiff writes that it is an "amended complaint," but it is original complaint in the case. Plaintiff filed the complaint in the Northern District of California on March 7, 2024. (ECF No. 2.) The North District transferred it to this court on March 22, 2024. (See ECF No. 5.)

1  which is also attached, reads: "Are you waiting on mail from family or the courts? Or both? All
2  mail is up to date. Do you have a tracking #?" (Id. at 16.) The prison's grievance response dated
3  July 20, 2023, states that it did receive the package on May 22, 2023, and sent it to his housing
4  unit for delivery on May 23, 2023. (Id. at 6.) Plaintiff's appeal is poorly scanned and illegible.
5  (See ECF No. 2 at 4, 11, 13.) However, the Offices of Grievances decision dated October 24,
6  2023, is legible and states that the appeal is denied because the package "has not reached HDSP
7  mailroom." (Id. at 9.)

## II. Discussion

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). While plaintiff's complaint and exhibits thoroughly document his efforts to locate his lost package and the prison's seemingly inconsistent responses, they do not contain any specific allegations of unconstitutional mail interference. Mere "negligent" mishandling of an inmate's mail does not amount to a constitutional violation. See Canales v. Guzman, No. 3:23-cv-1059 GPC MSB, 2023 WL 5418771, at *4 (S.D. Cal. Aug. 22, 2023) (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)); see also Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (An "isolated incident [of mail interference], without any evidence of improper motive or resulting interference with [the plaintiff]'s right to counsel or to access to the courts, does not give rise to a constitutional violation.").

Moreover, the complaint does not contain any facts suggesting either defendant Harrod or defendant Masters were responsible for losing the package, either intentionally or otherwise. Defendant Harrod's only involvement was responding to plaintiff's Form 22 with additional questions,[3] and defendant Masters is not mentioned in the complaint at all. In sum, plaintiff's complaint fails to state a cognizable First Amendment claim against either defendant.

## III. Leave to Amend

Plaintiff may try to fix these problems by filing an amended complaint. If plaintiff

---

[3] CDCR Form 22 allows "inmates and parolees to request interviews with staff and/or request items and services" and serves "[t]he objectives of timely resolution of routine matters through an effective and non-conflictive communication process[.]" See Cal. Code Regs., tit. 15, § 3086(a).

4

chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**PLAIN LANGUAGE SUMMARY FOR PARTY**

**PROCEEDING WITHOUT A LAWYER**

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:24-cv-0949 SCR P**, and must be labeled **"First Amended Complaint."**

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE